# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:13cr214 |
| | ) | **Electronic Filing** |
| STEVEN BEECH | ) | |

## MEMORANDUM OPINION

On July 31, 2013, a grand jury returned a two-count indictment charging Steven Beech ("defendant") at count one with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, from in and around 2006 to in and around May, 2012, in violation of 21 U.S.C. § 846 and at count two with conspiring to launder monetary instruments, from in and around 2008 to in and around May 2012, in violation of 18 U.S.C. § 1956(h). Presently before the court are defendant's motions for Information Favorable to the Defense, Disclosure of Agreements Between the Government and Its Witnesses, Expert Disclosure/Discovery, Notice of Government's Intention to Use Similar or Related Act Evidence, Early Disclosure of All Jencks Act Material and motion to have law enforcement Retain Rough Notes. For the reasons set forth below, defendant's motions will be granted in part and denied in part.

A number of defendant's motions seek various forms of "discovery." Defendant's motion for information favorable to the defense and motion for agreements between the government and its witnesses seek a litany of exculpatory and impeachment information falling within the

1

doctrine set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  This information includes any exculpatory information from any source, all evidence of transactions not charged in the indictment that might be offered to prove intent, mode of operation, course of conduct and so forth, the names and addresses of all witnesses the government intends to call and any promises made or inducements offered to them, any episodes of criminal conduct by any government witness, any information pertaining to a witness's cooperation, any information about services provided to any such witness, any evidence tending to negate the existence of a conspiracy, any expressed or implied promise or assurance of favorable treatment offered or extended to such witnesses, any expressed or implied consideration offered or extended to such witnesses, any expressed or implied threat, coercion or intimidation aimed at or advanced to any such witness, and so forth.  The motion for Early Disclosure of Jencks Act material seeks an order directing the government to produce such materials prior to trial in order to preserve defendant's Sixth Amendment right to "a fair trial."  Defendant's motion for expert disclosure seeks the substance and foundation for all expert testimony which the government intends to use at trial.

The government has filed a response acknowledging its obligations under Federal Rule of Criminal Procedure 12 and 16, Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and the Jencks Act.  It asserts that its primary obligation to produce discovery is governed by Rule 16 and it need only produce Brady impeachment material in time for it to be used effectively at trial.  It highlights that the United States Court of Appeals for the Third Circuit held in United States v. Higgs, 713 F.2d 39 (3d Cir. 1983), that a defendant's right to a fair trial was fully protected where the government disclosed Brady impeachment material

2

the day the government's witness testified.  Id. at 44.  It claims that it is unaware of any Brady exculpatory material at this time and it has produced extensive Rule 16 material to date.  It intends to disclose all Jencks Act material and all Brady impeachment material two weeks prior to trial.  Beyond these areas, it asserts that defendant is not entitled to a list of the government's witnesses, the minutia of the evidence it will introduce at trial, or information outside the scope of Rule 16.

To the extent defendant's motion seeks the disclosure of statements, information and things beyond (1) that which the government has made or has agreed to make available and (2) the dictates that flow from Rule 16 and Brady, the motion will be denied for a number of reasons.  First, the government has acknowledged its obligations under Rule 16 and indicated it has complied and will continue to comply with those obligations fully.  Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial.  United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir.), cert. denied, 396 U.S. 837 (1969).  Nor is the rule designed to provide a defendant with verification that the use of anticipated evidence at trial by the defense is not vulnerable to attack by evidence within the government's possession.  United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 408 U.S. 926 (1972).  In fact, in sharp contrast with these propositions, the United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16, "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."  United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994).  As a general matter

these other areas are limited to the Jencks Act and materials available pursuant to the so-called "Brady doctrine." Id. at 68.[1]

Second, the government has no obligation to produce an outline of the evidence it will offer at trial. A defendant is not entitled to conduct a wholesale review of the government's investigation. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (there is no general constitutional right to discovery in a criminal case). Nor is a defendant entitled to obtain a list of the government's witnesses through discovery. See United States v. DePasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985). Similarly, there is no authority to support a defendant's request for the specifics of each government witness' proposed testimony. See Fioravanti, 412 F.2d at 410 (a defendant has no right to discover the minutia of the government's evidence or the manner in which it will be used). And even assuming arguendo that this court has some residual discretion to order the pretrial disclosure of the government's evidence in appropriate circumstances, the current record falls woefully short of presenting sufficient grounds to justify such an extraordinary measure.

Another area potentially remaining in dispute concerns the disclosure of impeachment material. As a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jencks Act. In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that due process requires the disclosure of "evidence favorable to an accused

---

[1] The Jencks Act provides that any statement or report made by a government witness which relates to the subject matter of the witness' testimony must be disclosed after the witness has testified under direct examination. See 18 U.S.C. § 3500(b).

4

upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. The Supreme Court subsequently held that evidence which may be used to impeach the testimony of a government witness falls within the ambit of Brady when the credibility of the witness may have an effect on the jury's determination of guilt or innocence. See Giglio v. United States, 405 U.S. 150, 154 (1972); see also United States v. Starusko, 729 F.2d 256, 260 (3d Cir. 1984); Ramos, 27 F.3d at 68 (Brady material includes "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir. 1992)). In United States v. Agurs, 427 U.S. 97, 107 (1976), the Supreme Court modified the Brady rule to require the government to disclose exculpatory evidence even when the defendant has not requested the information. Id. at 107; see also United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991).

The so-called Brady doctrine generally is understood as a rule of minimum fairness. United States v. Higgs, 713 F.2d 39, 42 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984). It establishes a prosecutorial obligation rather than a general rule of pretrial discovery. The government thus has an obligation to produce favorable material bearing on a defendant's culpability or punishment as well as material bearing on the credibility of any witness who will be used to establish material matters at trial. This obligation is not to be used, however, to permit a defendant to obtain wholesale discovery of the government's principal case. See Higgs, 713 F.2d at 42; United States v. Bocra, 623 F.2d 281, 285 (3d Cir. 1980).

It is well-settled that the government's obligations under Brady require it to disclose actual exculpatory evidence without undue delay. Brady impeachment material ordinarily must

be disclosed "in time for its effective use at trial." Higgs, 713 F.3d at 44; United States v. Blackwell, 954 F. Supp. 944, 968 (D.N.J. 1997). A district court has general discretionary authority to order the pretrial disclosure of Brady impeachment material and that discretion is to be exercised in a manner which "ensure[s] the effective administration of the criminal justice system." Government of Virgin Islands v. Martinez, 847 F.2d 125, 127 (3d Cir. 1988); Blackwell, 954 F. Supp. at 968. As to this material, the government requests leeway to turn it over when it produces its Jencks Act material, ten business days prior to trial.

While the court recognized in Higgs that a defendant's due process rights to a fair trial are not violated where the disclosure of Brady impeachment material occurs in time to be used effectively, subsequent cases by the Third Circuit have reiterated and encouraged adherence to the long-standing policy of promoting the early production of all types of Brady material, including impeachment and so-called Higgs materials. See Starusko, 729 F.2d at 261 (citing United States ex rel. Marzeno v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978); United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977)); see also United States v. Giampa, 904 F. Supp. 235, 281 (D.N.J. 1995); Blackwell, 954 F. Supp. at 968. The government's early production of Higgs-type impeachment material may well overlap with its subsequent production under the Jencks Act and provide defendant with "advanced" notice of certain witnesses the government intends to use at trial. Nevertheless, the court notes that after disclosure is made defense counsel can more fully advise his client regarding the appropriate development of the case, including consideration of any plea agreement offered by the government. In light of all of the circumstances, the government is encouraged to disclose all Brady impeachment material

6

without further delay, and in any event it will be ordered to produce all such material no later than ten business days prior to trial.[2]

Defendant also moves for timely notice of any prior bad acts the government intends to introduce pursuant to Rule 404(b). The government indicates it does not presently intend to offer evidence at trial that falls within the scope of Rule 404(b). In the event that its approach to such matters should change, it intends to provide formal reasonable notice in accordance with the Rule. It further notes that it does intend to impeach defendant in accordance with Rule 609 in the event defendant chooses to testify at trial.

The government is required to give notice of its intention to use Fed. R. Evid. 404(b) evidence prior to trial. Rule 404(b) specifically provides "that upon request by the accused the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any evidence it intends to introduce at trial."

The rule requires only the disclosure of the general nature of the evidence the government intends to introduce. A demand for specific evidentiary detail, such as dates, times, places and persons involved is overly broad. See United States v. Alex, 791 F. Supp.

---

[2] Of course, this ruling has no bearing on the government's disclosure of information that falls solely under the Jencks Act. It is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination. See United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), cert. denied, 435 U.S. 955 (1978). Although courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial. See Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140. The government is encouraged to comply with the representation that it will disclose all Jenck's material not falling within the scope of other aspects of this court's order five business days prior to trial.

723 (N.D. Ill. 1992). Thus, the disclosure of "the general nature" of such evidence is that which is sufficient to put a defendant on notice as to which of his or her past episodes of conduct may be used by the government at trial.

What constitutes "reasonable notice in advance of trial" is determined by the circumstances and complexity of the prosecution. In <u>Alex</u>, the court ordered disclosure of Rule 404(b) evidence seven days prior to trial. In contrast, the court in <u>United States v. Williams</u>, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992), noted generally that disclosure within ten days prior to trial constitutes reasonable advanced notice. Similarly, in <u>United States v. Evangelista</u>, 813 F. Supp. 294, 302 (D.N.J. 1993), the court ruled that disclosure ten business days prior to trial is sufficient notice.

Here, the rule provides defendant with the right to formal notice of all potential Rule 404(b) evidence which the government intends to introduce at trial. Accordingly, the court will grant the defendant's Rule 404(b) motion and direct the government to provide the required general notice no later than ten business days prior to trial.

The government indicates it has provided defendant with a copy of his criminal record and reserves the right to use any conviction identified therein to impeach defendant should he choose to testify. Rule 609(b) requires the government to provide advanced written notice of its intent to use a conviction that is more than 10 years old (or where 10 years has elapsed since the release of the witness from confinement, whichever is later) for impeachment purposes. Advanced notice in these circumstances is required in order to "provide the adverse party with a fair opportunity to contest the use of such evidence." Fed. R. Evid. 609(b). There is no similar

8

disclosure requirement under Rule 609(a).³ Consequently, the court can only order the government to provide advanced written notice of its intent to proffer any Rule 609(b) evidence.

The government has not indicated whether it is aware of any conviction falling within the ambit of Rule 609(b) that it may seek to use at trial . To the extent it becomes aware of any such evidence, it will be required to provide notice of its intent to use such evidence at the same time it provides notice under Rule 404(b), at least ten business days prior to trial.

Defendant requests an order directing the government agents and law enforcement officials to preserve all investigative reports and rough notes made during the course of the investigation. Defendant requests that these materials be preserved and produced to the extent they are Jencks Act statements or fall within the scope of Brady.

The government acknowledges it obligation to have the agents within its control preserve all notes and rough drafts and indicates that it has instructed those agents to retain all such material. It also has requested the local and state agents involved in the federal investigation do the same. The government objects to any request that such notes and drafts be directly produced to defendant.

In United States v. Vella, 562 F.2d 275 (3d Cir. 1977), the Third Circuit held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in Brady ... or the Jencks Act." Id. at 276. In United States v. Ammar, 714 F.2d 238 (3d Cir. 1983), the court acknowledged that a rough draft is not necessarily a Jencks Act statement

---

³ Rule 609(a) is limited to the use of prior convictions and does not authorize the use of arrests or uncharged misconduct to impeach the testimony of an accused.

until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. Nevertheless, the court held that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination of whether they should be produced." Id. at 259. The court also cautioned that "the government must be vigilant in observing its responsibility to preserve these materials because the Supreme Court has cautioned that the harmless error doctrine must be strictly applied in Jencks Act cases." Id. at 260 (citations omitted).

Defendant's request for an order requiring the government and its agents to preserve all rough notes and draft interview reports will be granted. Defendant is entitled to the discovery of such material only to the extent that it falls within the purview of Brady or the Jencks Act. To the extent any rough notes and investigative reports fall within these limited areas of disclosure, the government shall produce them in accordance with this memorandum and order of court. To the extent defendant seeks the production of any rough notes and investigative reports not falling within those limited areas of disclosure, the motion will be denied without prejudice to renew at trial subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of Brady and/or the Jencks Act.

Finally, defendant requests the identity of all expert witnesses, the substance of their testimony and the foundation supporting the same. The government acknowledges its obligation under Rule 16(a)(1)(G) and indicates its intent to comply with the same. In also indicates that it

will work with counsel to determine whether stipulations can be entered as to the information from the crime lab reports it has obtained in connection with the case and will identify a DEA agent once a date for trial is set.

Defendant is entitled to a written summary of any expert testimony the government intends to offer, which must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Accordingly, the government will be directed to provide the same without undue delay.

For the reasons set forth above, defendant's pretrial motions will be granted in part and denied in part. An appropriate order will follow.

<u>Date: June 4, 2015</u>

                                            <u>s/ David Stewart Cercone</u>
                                            David Stewart Cercone
                                            United States District Judge

cc:      Gregory Nescott, AUSA
           Michael J. DeRiso, Esquire

           (*Via CM/ECF Electronic Mail*)